IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

GREATER HELLS CANYON
COUNCIL, an Oregon nonprofit
corporation,

        Plaintiff,

   v.

KRIS STEIN, District Ranger for the
Hells Canyon National Recreation
Area, Wallowa-Whitman National
Forest, in her official capacity; and
UNITED STATES FOREST
SERVICE, an agency of the United
States Department of Agriculture,

        Defendants,

   and

MCCLARAN RANCH, INC., an
Oregon Domestic Business
Corporation; and WALLOWA
COUNTY, a political subdivision

Case No. 2:18-cv-00054-SU

**OPINION
AND ORDER**

of the State of Oregon,

        Proposed Defendant-
        Intervenors.

---

SULLIVAN, United States Magistrate Judge:

Plaintiff Greater Hells Canyon Council brings this action to challenge the decision by defendants Kris Stein and the U.S. Forest Service to reauthorize livestock grazing in the Lower Imnaha Rangeland Analysis ("LIRA") area, within the Hells Canyon National Recreation Area ("HCNRA"), in the Wallowa-Whitman National Forest. *See* Compl. (Docket No. 1). Plaintiff argues that this grazing jeopardizes the Spalding's catchfly, a federal threatened plant endemic to the HCNRA. The Forest Service released its Final Environmental Impact Statement ("Final EIS") in March 2015, and Stein signed the LIRA Record of Decision ("ROD") in September 2015, thereby reauthorizing grazing. Compl. ¶¶ 11, 81. Plaintiff brings claims under the National Environmental Policy Act, 43 U.S.C. § 4321 *et seq.*; the National Forest Management Act, 16 U.S.C. § 1600 *et seq.*; and the Hells Canyon National Recreation Area Act, 16 U.S.C. § 460gg *et seq.* Plaintiff seeks to vacate the Final EIS and ROD and to remand for further administrative proceedings.

McClaran Ranch, Inc. ("Ranch") and Wallowa County ("County") have moved to intervene as defendants, as of right under Fed. R. Civ. P. 24(a). (Docket No. 6). The Ranch holds grazing permits authorizing cattle grazing on multiple allotments in the LIRA area. McClaran Decl. ¶ 3 (Docket No. 7). The majority of the HCNRA is within the County's borders, and approximately one fourth of the County is within the HCNRA; the LIRA area is entirely within the County. Nash Decl. ¶ 2 (Docket No. 8).

The existing parties do not oppose intervention. Mot. Intervene, at 1 (Docket No. 6). For the following reasons, the Court GRANTS the Motion to Intervene.

## LEGAL STANDARD

Fed. R. Civ. P. 24(a)(2) allows intervention of right by "anyone" who, "[o]n timely motion," "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." This creates a four-part test for intervention of right: (1) the applicant's motion is timely; (2) the applicant has asserted an interest relating to the subject property or transaction; (3) the applicant's ability to protect that interest would, absent intervention, be impaired by disposition of the matter; and (4) the applicant's interest is not adequately represented by the existing parties. *County of Orange v. Air Cal.*, 799 F.2d 535, 537 (9th Cir. 1986).

As to factor one, timeliness, "three factors are weighed: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id.*

As to factor two, an interest in the property or transaction, this "is a practical, threshold inquiry." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). "No specific legal or equitable interest need be established. It is generally enough that the interest asserted is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Id.* (alteration, quotation, and citations omitted). "An applicant demonstrates a 'significantly protectable interest' when the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests." *Id.* (quotation omitted).

As to factor three, impairment of interest, "if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." *Id.* at 822 (alteration omitted) (quoting Fed. R. Civ. P. 24 Advisory Comm. Notes).

As to factor four, no adequate representation of interest, the "applicant-intervenor's burden . . . is minimal: it is sufficient to show that representation *may* be inadequate." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1498 (9th Cir. 1995) (emphasis in original), *abrogated on other grounds by Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011).

> A non-party is adequately represented by existing parties if: (1) the interests of the existing parties are such that they would undoubtedly make all of the non-party's arguments; (2) the existing parties are capable of and willing to make such arguments; and (3) the non-party would offer no necessary element to the proceeding that existing parties would neglect.

*Sw. Ctr. for Biological Diversity v. Babbitt*, 150 F.3d 1152, 1153-54 (9th Cir. 1998).

## ANALYSIS

Proposed defendant-intervenors have made a sufficient showing as to each element of Fed. R. Civ. P. 24(a)(2)'s test for intervention as of right:

1. Timeliness: The Motion is timely. This action was commenced January 10, 2018, and the Ranch and County moved to intervene three months later, on April 5, 2018. The matter is at a very early stage. No prejudice from intervention has been shown. There has been no apparent delay in the application to intervene. The first element of the four-part test is met.

2. Interest: The Ranch and County have established that they have numerous interests relating to the grazing reauthorization, both the property (the LIRA area) and the transaction (the Final EIS and ROD). The Ranch holds grazing permits to graze in the LIRA area, and has

grazed in the area since the early 1900s. McClaran Decl. ¶¶ 2-4. The LIRA area is entirely within the County. Nash Decl. ¶ 2. Public lands grazing significantly contributes to the County's tax base and economy. *Id.* ¶ 3. These interests, particularly the property interests, are legally protected, and vacatur of the grazing reauthorization would immediately impact them. *See Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 927 (9th Cir. 1990). The second element of the test is met.

3. <u>Impairment of Interest</u>: Determination of this matter could substantially impact the County and Ranch. If plaintiff prevails in vacating the Final EIS and ROD, the delay or termination of grazing rights could severely impact the County and Ranch's finances. McClaran Decl. ¶¶ 5, 22-23; Nash Decl. ¶¶ 2, 5-6. *See Forest Conservation Council*, 66 F.3d at 1498 (holding that intervenors' ability to protect their interests would be impaired because, if they were "not made a party to th[e] action, they [would] have no legal means to challenge" the requested injunction). The third element of the test is met.

4. <u>No Adequate Representation</u>: The existing parties may not adequately represent the Ranch and County's interests. "The Forest Service is required to represent a broader view than the more narrow, parochial interests of" a county or private party. *Forest Conservation Council*, 66 F.3d at 1499. For instance, the Forest Service has issued draft plans that restrict grazing seasons and livestock utilization of forage. Nash Decl. ¶ 8. The Forest Service may not represent the Ranch and County's interests. *See Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 901 (9th Cir. 2011). Because of these distinct interests, it has not been shown that the existing parties will undoubtedly make all of the proposed defendant-intervenors' arguments; it is not clear that the existing parties are capable of and willing to make those

arguments; and the existing parties might neglect to address those interests.  The final element of the test is met.

*    *    *

Proposed defendant-intervenors have satisfied each of Fed. R. Civ. P. 24(a)(2)'s requirements.  The Ranch and County have established their entitlement to intervene as of right.

## CONCLUSION

For these reasons, the Court GRANTS the Motion to Intervene.  (Docket No. 6). Defendant-intervenors shall abide by the schedule that the parties and the Court adopt, and shall avoid duplicating defendants' arguments.

IT IS SO ORDERED.

DATED this 9th day of May, 2018.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge