Jennifer R. Schwartz, OSB #072978
Law Office of Jennifer R. Schwartz
2521 SW Hamilton Court
Portland, Oregon 97239
Tel: 503-780-8281
Email: jenniferroseschwartz@gmail.com

Lauren M. Rule, OSB #015174
ADVOCATES FOR THE WEST
3115 NE Sandy Blvd., Ste. 223
Portland, OR 97232
Tel: 503-914-6388
Email: lrule@advocateswest.org

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **GREATER HELLS CANYON COUNCIL**, an Oregon nonprofit corporation, | Case Number: 2:18-cv-00054-SU |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' SUBMISSION OF POST-DECISIONAL, EXTRA-RECORD MATERIALS** |
| **KRIS STEIN,** District Ranger, Hells Canyon National Recreation Area, Wallowa-Whitman National Forest, in her official capacity; and **UNITED STATES FOREST SERVICE**, an agency of the United States Department of Agriculture, | |
| Defendants, | |
| and | |
| **WALLOWA COUNTY**, a political subdivision of the State of Oregon; and **MCCLARAN RANCHES, INC.**, an Oregon Corporation, | |
| Defendant-Intervenors. | |

Defendants' submission of post-decisional, extra-record evidence is improper. (ECF No. 33, filed on November 30, 2018). The Forest Service is limited to defending its decisions on the rationale supplied in the decisions themselves and on the administrative record *in existence at the time the decisions were made*. "It is well established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.*, 463 U.S. 29, 50 (1983) (citing, inter alia, *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *Anaheim Mem'l Hosp. v. Shalala*, 130 F.3d 845, 849 (9th Cir. 1997) ("an agency's decision can be upheld only on the basis of the reasoning in that decision"); *Az. Cattle Growers' Ass'n v. U.S. Fish & Wildlife Serv.*, 273 F.3d 1229, 1245 (9th Cir. 2001) (rejecting agency's submission of post-decisional surveys for showing presence of listed species in the grazing allotment at issue, stating that such evidence would render the complex decision-making process "meaningless" and would allow the agency to produce "unsupported" decisions).

Plaintiffs challenged the adequacy of the 2015 Final Environmental Impact Statement (EIS) and Record of Decision (ROD) for the Lower Imnaha Rangeland Analysis (LIRA) and the 2016 and 2017 Annual Operating Instructions (AOIs). The parties also stipulated to a deadline for the submission of extra-record evidence, which was June 22, 2018 (ECF No. 9, filed April 12, 2018). Defendants attempt an end run around this agreement, and decades of established precedent, by labeling their submission of a post-decisional, extra-record "2018 End of Year Report" as a "Notice." (ECF No. 33).[1] This report, dated November 29, 2018, appears to have been hastily prepared in the wake of oral argument to further expand upon the extra-record

---

[1] In submitting this improper evidence, Defendants also skirted District Court procedures by filing a "Notice" rather than correctly filing a Motion asking the Court to supplement the record in the case. By doing so, Defendants avoided the requirement to confer with Plaintiffs ahead of time, as directed by Local Rule 7-1. Thus, Defendants attempt to have the Court review this new information is flawed on numerous grounds.

PLAINTIFF'S RESPONSE TO DEFS' SUBMISSION OF EXTRA-RECORD EVIDENCE     1

evidence concerning recent Spalding's catchfly surveys that Defendants improperly raised for the first time during the November 13th hearing without any notice to Plaintiff.

Defendants offer no legal theory as to how the Court can properly consider this post-decisional, extra-record material that was unavailable—the data had not even been collected yet—at the time of the challenged decisions. Indeed, there is no such theory. For one, as this Court recently acknowledged, Ninth Circuit precedent holds: "Judicial review of an agency decision typically focuses on the administrative record in existence at the time of the decision and does not encompass any part of the record that is made initially in the reviewing court." *Greater Hells Canyon Council v. Stein*, Case No. 2:17-cv-00843-SU, slip copy at 8-13 (D. Or. June 11, 2018) (finding none of the "narrow exceptions" for the admission of extra-record evidence allowed the court to even consider plaintiffs' citations to information from governmental websites that *was available to the defendant agency at the time of the challenged decision*) (quoting *Sw. Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996); (also citing *Fla. Power & Light Co.*, 470 U.S. 729, 734-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review to the agency decision based on the record the agency presents to the reviewing court.")

Moreover, the extra-record evidence exceptions "only appl [y] to information available at the time, not post-decisional information." *Tri-Valley CARES v. U.S. Dep't of Energy*, 671 F.3d 1113, 1130-31 (9th Cir. 2012) (denying consideration of a report that was completed nearly two years after the commencement of the litigation). "[P]ost-decision information 'may not be advanced as a new rationalization either for sustaining or attacking an agency's decision' because 'it inevitably leads the reviewing court to substitute its judgment for that of the agency.'" *Id.* (citing *Ctr. for Biological Diversity v. U.S. Fish & Wildlife Serv.*, 450 F.3d 930,

943 (9th Cir.2006)); *Stein*, Case No. 2:17-cv-00843-SU, slip copy at 11 ("None of the proffered extra-record evidence could have been provided to the Forest Service during the administrative process, and so is also not proper on district court review. The Court's job is not to take additional evidence and engage in fact-finding about the Forest Service's actions."). It would be inappropriate, and directly contrary to Supreme Court and Ninth Circuit precedent, for this Court to consider data collected *after* the ROD and AOIs were issued when deciding the merits of Plaintiff's APA challenges.

Finally, this new evidence does not refute evidence in the administrative record that these catchfly populations are still very small, and adversely affected by cattle grazing. For one, the agency's analysis already assumed that the catchfly population estimates that were conducted in preparation of the 2015 LIRA EIS and Biological Assessment (BA) were likely to double. AR11387. But that "[e]ven with an expected doubling of the number of Spalding's Catchfly plants reported, the patches are still considered vulnerably small" and that continuing cattle grazing in the plant's occupied habitat is, nevertheless, "likely to adverse affect" the Imnaha Canyon's catchfly populations. *Id.*; 11342-426 (BA); *see also* AR05888; 11387 (Spalding's catchfly is a long-lived plant with periods of prolonged dormancy, which has likely allowed small, scattered patches like those in the HCNRA to persist, "but the likelihood of future recruitment in these populations to replace senescent individuals is vanishingly small.") The record evidence further confirms that the agency was aware of the damage cattle grazing was causing to the canyon's north-facing slopes (where the LIRA catchfly grow) for decades and that this degradation is ongoing under the current management, despite compliance with forage utilization standards (i.e. whether residual stubble height of grasses is 4" or 6" has not prevented soil damage to the catchfly's habitat on these sloped sites). AR02423 (1993 range condition

data), 07982-8000 (2011 monitoring), 11676, 11900; 08617, 08628, 12815, 12823 (2017 monitoring data showing substantial soil disturbance in Toomey allotment pastures).

Judicial review of the agency's LIRA grazing decisions is to be based on *this* evidence – evidence from the administrative record that was in existence at the time those challenged decisions were made. Consideration of the agency's post-decisional, extra-record materials would be improper under the fundamental tenets of the APA's standard of review.

Respectfully submitted this 3rd day of December, 2018.

> *s/ Jennifer R. Schwartz*
> Jennifer Schwartz (OSB # 072978)
> Tel: (503) 780-8281
> Email: jenniferroseschwartz@gmail.com
>
> *Attorney for Plaintiff*